So Ordered.

Signed this 14 day of August, 2024.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

BARRISTER AND MANN LLC

                      Debtor.

Chapter 11
Case No. 24-60635

**INTERIM ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO (I) CONTINUE USING EXISTING BANK ACCOUNTS, BANKING PRACTICES AND BUSINESS FORMS**.

Upon the motion of Barrister and Mann LLC (the "Debtor") for entry of interim and final orders (a) authorizing, but not directing, the Debtor to (i) continue using its existing bank accounts, banking practices, and for related relief [Docket No. 5] (the "Motion"); and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that, except as otherwise

ordered herein, no other or further notice is necessary; and the Court having reviewed the Motion and the record in this Chapter 11 Case and determined that granting the relief requested in the Motion on an interim basis is in the best interests of the Debtor, its estate, creditors and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized to: (a) continue to use, with the same account numbers, all of its bank accounts in existence as of the Petition Date as described in the Motion (collectively, the "Bank Accounts"); (b) treat the Bank Accounts for all purposes as debtor-in-possession accounts, including specifically taking such steps as may be necessary to delineate and separately account for prepetition and post-petition transactions; (c) pay Bank Charges, including any prepetition amounts, and any ordinary course Bank Charges, including, without limitation, all customary fees, costs, charges and expenses incurred in connection with the Bank Accounts; and (d) otherwise perform its obligations under the documents governing the Bank Accounts (collectively, the "Bank Account Agreements"), including, without limitation, (i) the obligation to reimburse the Depository Banks for any checks, drafts, wire transfers, automated clearing house entries, credits from merchant card transactions, instruments, other electronic funds transfers, or other items deposited in or credited to any of the Bank Accounts with such Depository Bank that have been (A) dishonored or returned unpaid or otherwise uncollected, whether for insufficient funds or any other reason, or (B) subject to adjustments or corrections of posting or encoding errors, and (ii) any other reimbursement or other obligations arising under the Bank Account

Agreements, including, without limitation, the obligation to repay any overdrafts in the Bank Accounts (collectively, (i) and (ii), the "Bank Account Claims"). Except to the extent otherwise directed by the terms of this Order, all of the provisions of the Bank Account Agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

3. The Debtor shall notify the relevant Depository Banks holding the pre-petition accounts to remain open on an interim basis that same shall be designated as Debtor-in-Possession accounts and marked as such accordingly.

4. The Depository Banks are authorized to continue to maintain, service and administer the Bank Accounts as accounts of the Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay (i) any and all post-petition checks, drafts, wire transfers, automated clearing house entries, other electronic funds transfers, direct withdrawals and credit card payments issued and drawn on the Bank Accounts, together with (ii) any prepetition checks or payment requests, but solely to the extent they relate to payments or obligations approved by separate order of this Court.

5. The Debtor is authorized to direct the Depository Banks, and the Depository Banks are authorized to rely on the Debtor's direction, to pay obligations in accordance with this Interim Order or any separate order of this Court. The Depository Banks shall not be liable to any party on account of following the Debtor's instructions or representations as to whether any order of this Court has authorized the honoring of any prepetition checks, drafts, wires or other transfers, and shall have no duty to independently inquire as to whether such payments are authorized by an order of this Court. The Depository Banks shall not be liable to the Debtor or to its estate and shall not be deemed to be in violation of this Order for honoring a

prepetition check or other item drawn on any Bank Account that is the subject of this Order (a) at the direction of the Debtor, (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored, (c) that is not the subject of a stop payment order, or (d) as a result of a good faith error made despite implementation of reasonable item handling procedures.

6. The Depository Banks shall not honor or pay any bank payments drawn or otherwise issued prior to the Petition Date for which the Debtor specifically issued a stop payment order in accordance with the Bank Account Agreements. As soon as practicable after the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on those Depository Banks that make disbursements pursuant to the Debtor's banking practices.

7. Each of the Depository Banks is authorized, without further order of this Court, to charge and deduct from the appropriate Bank Accounts, and the Debtor is authorized to pay or honor, both prepetition and post-petition Bank Charges, Bank Account Claims and any other service charges, management or administrative charges, and other fees, costs, charges and expenses to which such Depository Banks may be entitled under the terms of and in accordance with the Bank Account Agreements.

8. In the event that any of the Depository Banks is unable for any reason to deduct any amounts due for Bank Charges or Bank Account Claims from the applicable Bank Account, the Debtor shall within seven (7) calendar days, upon demand, reimburse or pay such Depository Bank such amounts and, to the extent the Debtor fails to reimburse or pay any such amounts on demand, then such Depository Bank shall have an allowed administrative claim for such amounts pursuant to 11 U.S.C. §503(b).

9. Each of the Depository Banks is authorized to, without further order of this

Court, require the maintenance of minimum balances in any of the Bank Accounts, and/or require the Debtor to pre-fund automated clearing house ("**ACH**") activity in any of the Bank Accounts, it being understood that if an ACH transfer is initiated and there are insufficient funds on deposit at the applicable Depository Bank, the subject ACH transfer may not be processed by such Depository Bank.

10. The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor may only open a new bank account with a banking institution designated as an authorized depository under the U.S. Trustee Guidelines (an "Authorized Depository"), unless first obtaining the consent of the U.S. Trustee. The Debtor and the Depository Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business.

11. The Debtor is authorized, but not directed, to maintain its Merchant Accounts.

12. Nothing in this Order shall (a) impair, prejudice, waive, modify, discharge or otherwise affect the rights, recourses, or remedies of the Depository Banks under any of the Bank Account Agreements or account documentation, at law or in equity, against any third parties, or (b) impair, prejudice, waive, modify, discharge or otherwise affect any of the terms of any of the Bank Account Agreements or account documentation as related to any third parties.

13. A final hearing shall be held on the Motion on September 10, 2024 at 11:30a.m. prevailing Eastern Time (the "Final Hearing"). Parties may appear in person or by phone (315-691-0477, Access Code 751448185#). Any objections or responses to the Motion or to

entry of a Final Order shall be filed and served no later than seven days before the Final Hearing and shall be served upon the Court and the following parties: (i) the Debtor, c/o Boyle Legal LLC, 64 2nd Street, Troy, NY 12180; (ii) the office of the United States Trustee for the Northern District of New York; (iii) counsel for the Prepetition Secured Creditors; and (iv) counsel to any statutory committee appointed in this Chapter 11 Case or, if no such committee has been appointed, the Debtor's twenty (20) largest unsecured creditors as set forth in the consolidated list filed with the Debtor's petition; (v) the Subchapter V Trustee; and (vi) any other party appearing in this Chapter 11 Case and requesting service pursuant to Bankruptcy Rule 2002. In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter a Final Order without need for the final hearing.

14. The Debtor is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###